### UNITED STATE DISTRICT COURT
### DISTRICT OF CONNECTICUT

**ESTATE OF KENNY RICHIE MARTY MITCHEL,**
  **--By and through Emily Rebecca Garlick and**
  **Gerard Neville Mitchell,**
  **Its Personal Representatives**                    :

**VS**                                               :

**GAVIN SCOTT HAPGOOD, a/k/a**
**SCOTT HAPGOOD**                          :        **DECEMBER 4, 2019**

## <u>COMPLAINT</u>

### <u>Parties, Jurisdiction, and Venue</u>:

1)      On April 13, 2019, the plaintiff's decedent, Kenny Richie Marty Mitchel

("Kenny Mitchel"), died a resident of Anguilla, British West Indies.

2)      On July 31, 2019 the Probate Court of the Supreme Court of Anguilla

appointed Emily Rebecca Garlick and Gerard Neville Mitchell as the personal

representatives of the Estate of Kenny Mitchel, and they bring the instant action in their

capacity in behalf of the decedent's estate and in behalf of the decedent's minor child,

Mylie Melody Mislee Mitchel (Emily Garlick is the biological and custodial mother of the

minor child, "Mylie").

3)      The defendant, Gavin Scott Hapgood ("Scott Hapgood," is a resident of

Darien, Connecticut.

4)      This court has original jurisdiction of this civil action pursuant to 28

U.S.C.A. §1332(2), in that the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs, and is between the plaintiff estate, a citizen or subject of Anguilla, BWI, a foreign state, and the defendant, Gavin Scott Hapgood, a citizen of the State of Connecticut.

**First Count (Intentional Battery):**

5)    At all relevant times, including April 13, 2019, "Malliouhana" was a hotel/resort in Anguilla, BWI.

6)    On April 13, 2019 and for some time before, the defendant, Scott Hapgood, and his family were paying guests of Malliouhana, occupying a two-bedroom suite, known as "Rooms 48 and 49" ("the defendant's suite").

7)    On April 13, 2019 and for some time before, plaintiff's decedent, Kenny Mitchel, was employed by Malliouhana as a maintenance man.

8)    On April 13, 2019 at approximately 3:30pm Kenny Mitchel went to the defendant's suite, Room 48, where he was admitted by the defendant.

9)    Soon after, plaintiff's decedent and defendant walked in a generally easterly direction within the defendant's suite to the bathroom that was adjacent to the Room 49 bedroom.  At that time, a physical struggle between them ensued.

10)    Soon after the struggle began, the defendant completely and thoroughly restrained the plaintiff's decedent, who was substantially smaller than the defendant. The defendant then pinned plaintiff's decedent to the floor, straddled him, and applied force and pressure to the decedent's neck with his elbow across the plaintiff's decedent's neck.

11)    Although the plaintiff's decedent posed no risk to him, the defendant, without legal justification, intentionally and with reckless disregard for the safety of the plaintiff's decedent, continued to apply pressure to his neck and to punch and hit him for more than one-half hour.

12)    As a direct and proximate result of the defendant's battery of the plaintiff's decedent, on April 13, 2019 Kenny Mitchel, died of prone restraint, positional asphyxia, and blunt force trauma to head, neck, and torso.

13)    As a further direct and proximate result of the defendant's battery, plaintiff's decedent was caused to suffer physical pain, emotional distress, and the complete and permanent loss of his ability to pursue all of life's activities, including his ability to earn income to provide for himself and for his minor child, Mylie Mitchel.

14)    As a further direct and proximate result of the defendant's battery, the plaintiff's estate incurred medical expenses, and the costs of funeral services and cemetery burial, all to its special loss and damage.

15)    The plaintiffs, as co-representatives of the Estate of Kenny Mitchel, bring this action pursuant to the Fatal Accidents Act, Revised Statutes of Anguilla, Chapter F20 and seek all remedies provided thereby.

16)    Pursuant to the Fatal Accidents Act §6, the plaintiff appends hereto and serves the defendant with a statement containing full particulars of the person or

persons for whom and on whose behalf this action is brought and of the nature of the claim in respect of which damages are sought to be recovered.

**Second Count (Negligence):**

1)      Paragraphs 1-10 of the First Count are re-alleged and incorporated as if fully set forth.

11)      In his attempts to restrain and control plaintiff's decedent, the defendant, negligently failed to perceive that his actions were causing the decedent to suffocate, and he unintentionally caused his death.

12)      As a direct and proximate result of the defendant's negligence, the plaintiff's decedent, Kenny Mitchel, died of prone restraint, positional asphyxia, and blunt force trauma to head, neck, and torso.

13)      As a further direct and proximate result of the defendant's negligence, plaintiff's decedent was caused to suffer physical pain, emotional distress, and the complete and permanent loss of his ability to pursue all of life's activities, including his ability to earn income to provide for himself and for his minor child, Mylie Mitchel.

14)      As a further direct and proximate result of the defendant's negligence, the plaintiff's estate incurred medical expenses, and the costs of funeral services and cemetery burial, all to its special loss and damage.

15)     The plaintiffs, as co-representatives of the Estate of Kenny Mitchel, bring this action pursuant to the Fatal Accidents Act, Revised Statutes of Anguilla, Chapter F20 and seek all remedies provided thereby.

16)     Pursuant to the Fatal Accidents Act §6, the plaintiff appends hereto and serves the defendant with a statement containing full particulars of the person or persons for whom and on whose behalf this action is brought and of the nature of the claim in respect of which damages are sought to be recovered.

**Prayer for Relief:**

Wherefore, the plaintiffs claim: as to the First Count, compensatory and punitive damages and, as to the Second Count, compensatory damages and such other relief as the Court deems appropriate.

Plaintiff, Estate of Kenny Mitchel,

By_____

Steven L. Seligman, Its Attorney
Katz & Seligman
130 Washington Street
Hartford, CT 06106
Federal Bar #ct06163
860/547-1857 (PH)
860/241-9127 (FAX)
SSeligman@KatzandSeligman.com

Please enter the below appearances in the plaintiffs' behalf, in addition to the above:

James A. Armentano (#06542); JArmentano@KatzandSeligman.com
Christian A. Sterling (#27528); CSterling@KatzandSeligman.com

## CLAIM FOR A JURY TRIAL

The plaintiffs respectfully claim this matter for a trial by jury.

By_____

Steven L. Seligman, Their Attorney
Katz & Seligman
130 Washington Street
Hartford, CT 06106
Federal Bar #06163
860/547-1857 (PH)
860/241-9127 (FAX)
SSeligman@KatzandSeligman.com

UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

ESTATE OF KENNY RICHIE MARTY MITCHEL,
  --By and through Emily Rebecca Garlick and
  Gerard Neville Mitchell,
  Its Personal Representatives                    :

VS                                               :

GAVIN SCOTT HAPGOOD, a/k/a
SCOTT HAPGOOD                                    :        DECEMBER 4, 2019

STATEMENT PURSUANT TO FATAL ACCIDENTS
ACT, §6

Pursuant to §6 of the Fatal Accidents Act, Revised Statutes of Anguilla, Chapter

F20, the plaintiffs disclose:

The instant action seeks all damages provided by this act for the destruction of

Kenny Mitchel's life (birthdate—except for year, 1991—redacted per Fed.R.Civ.P. 5.2;

27 years old at the time of his death with a likely life expectancy of approximately 50

years):  his loss of life's enjoyments and ability to engage in /the activities of daily life;

his pain and suffering for the more than half-hour when he was restrained by a man

almost twice his weight and suffocated and battered; the complete destruction of his

ability to earn income, upon which the minor daughter, Mylie (birthdate—except for

year, 2017—redacted per Fed.R.Civ.P. 5.2), and her mother, Emily Garlick, depended

and for which they seek compensation; his father, Gerard Neville Mitchell (same last

name but different spelling), for whom Kenny provided services and who would likely

have come to depend upon his son for income and support in his later years.

7

The particulars in support of these claims shall be disclosed in accordance with the rules of this court governing discovery.

By _____

Steven L. Seligman, Their Attorney
Katz & Seligman
130 Washington Street
Hartford, CT 06106
Federal Bar #06163
860/547-1857 (PH)
860/241-9127 (FAX)
SSeligman@KatzandSeligman.com